IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| ALEXANDER MONDAY COLEMAN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 23-03393-CV-S-RK |
| | ) | Crim. No. 17-03128-01-CR-S-RK |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER GRANTING MOTION FOR POSTCONVICTION RELIEF

Before the Court is Movant's motion for postconviction relief pursuant to 28 U.S.C. § 2255. Considering the Eighth Circuit's decision in *United States v. Myers*, 56 F.4th 595 (8th Cir. 2023), and the government's response to the § 2255 motion (Civ. Doc. 7)[1], the motion is **GRANTED**, Movant's sentence is **VACATED**, and he is **RESENTENCED** to time served and three years of supervised release.

On November 14, 2017, movant was indicted on one count of being a felon in possession in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1), the sole count in the Indictment (Crim. Doc. 1), and on November 13, 2018, he pleaded guilty. (See Crim. Doc. 26.) At that time, the maximum sentence for violating § 922(g) was ten years, subject to application of the Armed Career Criminal Act (the "ACCA"), which required that the minimum sentence would be 15 years if the defendant had three or more prior convictions for violent felonies or "serious drug offense[s]." 28 U.S.C. § 924(e)(1). The Court determined the ACCA applied and, on September 13, 2019, sentenced Movant to 192 months' imprisonment to be followed by three years' supervised release. (See Crim. Doc. 45.)

Approximately 4 years later, the Eighth Circuit in *Myers* held that a prior conviction under Mo. Rev. Stat. § 195.211 (2000) involving the felony sale of cocaine does not qualify as a predicate offense for application of the ACCA. 56 F.4th at 598-99. The parties agree that *Myers* establishes the ACCA does not apply to Movant (having a prior conviction under Missouri law involving possession of cocaine with intent to distribute); that as a result, Movant's sentence cannot exceed

---

[1] "Civ Doc." refers to Movant's civil case, No. 23-cv-03393-RK, and "Crim. Doc." refers to Movant's criminal case, No. 17-cr-03128-RK-1.

ten years; and that Movant's sentence should be vacated under *Myers*. (Civ. Doc. 7.) The Court agrees.

Pursuant to the parties' signed stipulation, Mr. Coleman is sentenced to time served and three years of supervised release. Because Mr. Coleman will be released immediately, the parties also consent to the following addition to the conditions of supervised release: "If a viable home plan has not been approved by the United States Probation Office by the date of release from custody, the defendant shall reside in and satisfactorily participate in a residential reentry center program until an acceptable home plan is approved by the United States Probation Office, but not to exceed a period of 120 days."

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 24, 2024